IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Fields, | ) | C/A No. 0:16-1227-TMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| The State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

The petitioner, Anthony Fields, a self-represented state prisoner, brings this petition for a writ of mandamus and petition for a writ of prohibition. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Procedural Background**

Petitioner, an inmate in the South Carolina Department of Corrections, claims he pled guilty to an unidentified offense in 1990 without the benefit of counsel. (ECF No. 1 at 2.) Petitioner claims that guilty plea was used to enhance a sentence for another unspecified conviction. (Id. at 4.) Petitioner indicates he filed an application for post-conviction relief in state court in 2007 to contest his lack of counsel in the guilty plea proceeding, but "state officials" have intentionally obstructed him from adjudicating his claims. (Id. at 2.) He claims Judge William P. Keesley was assigned the case but has not yet made a ruling on his claims. (Id.) Petitioner agues the State of South Carolina has no justifiable reason to delay his case for eight years. (Id.) Petitioner asks the court to issue a writ of mandamus or a writ of prohibition to allow him to bypass the state post-

conviction relief court and file a federal petition for a writ of habeas corpus. (Id. at 1.) Because of the State's role in the purported delay of his post-conviction relief proceeding, Petitioner also asks that the State be foreclosed from arguing that Petitioner failed to exhaust his administrative remedies before bringing a habeas action. (Id. at 3.)[1]

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is

---

[1] The Petition lists the State of South Carolina as the sole respondent in this action. (ECF No. 1.) However, in subsequent filings with the court related to service of process, Petitioner named Judge William P. Keesley as the sole respondent. (ECF No. 8.) The court has not added or substituted Judge Keesley as a party to this case because Petitioner has not moved to amend his pleading or add a party. As noted below, the court's analysis of the Petition would not be affected if Judge Keesley was the sole respondent in addition to, or in place of, the State of South Carolina.



immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the pleading "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* pleading, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a pleading to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

Petitioner seeks a writ of mandamus or, additionally or alternatively, a writ of prohibition that would allow him to bypass the exhaustion requirement for filing a petition for a writ of habeas corpus and preclude the State of South Carolina from arguing that Petitioner failed to exhaust his state post-conviction remedies. For the reasons stated below, the court finds that the Petition should be dismissed.

The authority of federal courts to issue extraordinary writs derives from the "All Writs Act," which provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651; see also Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969). This authority exists for the sole purpose of protecting the respective jurisdictions of those courts, which have no power to acquire jurisdiction of a case or question by issuing a writ of mandamus. Id. (citing McClellan v. Carland, 217 U.S. 268 (1910)). This court does not have jurisdiction over Petitioner's state post-conviction relief action because it concerns a matter of state law. See generally Pulley v. Harris, 465 U.S. 37, 41(1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). Consequently, this court may not issue a writ of mandamus or a writ of prohibition to acquire jurisdiction over a legal action that is beyond its jurisdiction.

Further, federal district courts' power to issue mandamus relief extends only to federal officers or agencies. 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any



agency thereof to perform a duty owed to the plaintiff."). Federal courts may not grant mandamus relief against state officials. In re Payne, No. 08-1788, 2008 WL 5207317, at *1 (4th Cir. 2008) (citing Gurley). Petitioner has not named a federal official or agency, and instead he only names the State of South Carolina as the respondent against whom he seeks mandamus relief. Consequently, this court does not have the authority to issue a writ of mandamus or a writ of prohibition against the named respondent.[3]

To the extent Petitioner seeks to file a petition for a writ of habeas corpus in this court, he may do so in a separate filing. See 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). While Petitioner argues the obstructionism of state officials has impeded his exhaustion of state remedies, the court notes that such arguments are appropriately addressed in the context of a habeas corpus petition. See Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) ("Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice.") (citing McCarver v. Lee, 221 F.3d 583 (4th Cir. 2000)). Accordingly, this Petition is not the proper vehicle for Petitioner to seek habeas relief or

---

[3] As noted above, Petitioner filed service documents naming Judge William P. Keesley as the sole respondent in this case rather than the State of South Carolina. To the extent Petitioner seeks mandamus relief against Judge Keesley, a state circuit court judge, the court finds that it may not grant mandamus relief against a state judge for the same reasons it may not grant relief against the State of South Carolina. See In re Payne.



seek to be excused from the requirement to exhaust his state remedies. See In re Ross, No. 10–1587, 2010 WL 2171614, *1 (4th Cir. 2010) (dismissing a mandamus petition where the petitioner, a state prisoner, sought to attack the legality of his confinement).

### III.     Conclusion

For the foregoing reasons, it is recommended that the Petition be dismissed without prejudice and without issuance and service of process.

June 15, 2016                                                                Paige J. Gossett
Columbia, South Carolina                                         UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).