IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Anthony Fields, | ) | |
| | ) | C/A No. 0:16-1227-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| The State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Anthony Fields petition for a writ of mandamus and petition for a writ of prohibition pursuant to 28 U.S.C. § 1361. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On June 15, 2016, Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") recommending that Petitioner's petition be dismissed without prejudice and without issuance and service of process. (ECF No. 16). On July 6, 2016, Fields timely filed objections to the Report. (ECF No. 19).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a

timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Reviewing the petition, here, Petitioner alleges that his post-conviction relief ("PCR") action has been pending in the state courts for eight years. He is seeking mandamus relief from this court 1) allowing him to bypass the exhaustion requirements and proceed to file a habeas petition and 2) denying the state of South Carolina the right to assert exhaustion defenses against Petitioner. (Petition at 1).

The Magistrate Judge determined that a writ of mandamus was not appropriate and this petition should be dismissed. Specifically, the Magistrate Judge found petitioner's state PCR action is a matter of state law and the court has no jurisdiction over it. (Report at 4). Additionally, the Magistrate Judge noted that mandamus power extends only to federal officers or agents, and Petitioner has not named a federal official or agency. (Report at 4-5). The court notes that the Magistrate Judge also stated that, if Petitioner is seeking habeas corpus relief, a writ of mandamus is not the proper mechanism for relief. (Report at 5). And to obtain habeas relief, he must file a separate habeas corpus petition. *Id.*

In his objections, Petitioner argues that he is bringing "this action against the legal counsel of the state of South Carolina, in other words the S.C. Attorney General's Office and the U.S. Attorney for the District of South Carolina." (Objections at 3). In his objections, Petitioner states that he concedes that the Magistrate Judge is correct in respect to the filing of a habeas petition. (Objections at 3-4), and, in fact, the court notes that Petitioner filed a habeas petition on July 6, 2016, *Fields v. Cartledge*, C/A No. 0:16-cv-2463-TMC-PJG.

Mandamus pursuant to 28 U.S.C. § 1361 grants United States District Courts jurisdiction

to compel an officer or employee of the United States or other agency to perform ministerial duties. *See Madden v. Myers*, 102 F.3d 74, 76 n.2 (3rd Cir. 1996). It has no application to state officials. 28 U.S.C. § 1361.  Moreover, the writ of mandamus is a drastic remedy and should only be granted in those extraordinary situations when no other remedy is available. *In re: Beard*, 811 F.2d 818, 826 (4th Cir. 1987).  A party seeking mandamus must show that " 'he had no other adequate means to attain the relief he desires' and that his right to issuance of the writ is 'clear and indisputable.' " *In re Ralston Purina Co.*, 726 F.2d 1002, 1004 (4th Cir.1984) (*quoting Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)).

The court agrees with the Magistrate Judge that mandamus relief is not appropriate here because Petitioner is seeking to compel state officials to act, and further because Petitioner can obtain this relief by other means, such as a habeas action which he has filed.  Accordingly, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Therefore, the court adopts the Report and Recommendation. (ECF No. 16). Accordingly, Petitioner's petition is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 8, 2016

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.